IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re: ) Case No. 9:14-BK-04875-FMD
) Chapter 15
MARK CHARLES RICHARDSON, )
)
Respondent. )
)

### ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED PETITION FOR RECOGNITION OF FOREIGN MAIN PROCEEDING OR IN THE ALTERNATIVE A FOREIGN NONMAIN PROCEEDING, FOR COORDINATION UNDER 11 U.S.C. §1530 OF MORE THAN ONE FOREIGN PROCEEDING, AND RELATED RELIEF PURSUANT TO 11 U.S.C. §1515

Respondent, MARK RICHARDSON, by and through his undersigned counsel, files this Answer and Affirmative Defenses to the Amended Verified Petition for Recognition of Foreign Main Proceeding or in the Alternative a Foreign Non-Main Proceeding, For Coordination Under 11 U.S.C. §1530 of More Than One Foreign Proceeding, and Related Relief Pursuant to 11 U.S.C., §1515 as follows:

### PRELIMINARY STATEMENT

1. Admitted that on or about October 13, 2011, an involuntary petition for bankruptcy was presented on behalf of HM Revenue & Customs, Bush House, Strand, London ("HMRC") against Respondent, but not served as required by UK law. Further admitted that after resolving the debt to HMRC, the bankruptcy was assigned to HSBC Bank and HSBC Bank was substituted as the petitioning creditor in place of HMRC when the involuntary bankruptcy order was issued on February 15, 2012. HSBC Bank sought to enforce a personal guaranty by Respondent of a business debt for Respondent's company, CEL Building Services Limited. Lastly, admitted that on or about March 27,

2012, Petitioner was appointed to serve as Trustee of the UK bankruptcy estate. All other allegations of this paragraph are denied.

## BRIEF ARGUMENT

2. Denied.

3. Denied that Petitioner is entitled to have the UK bankruptcy proceedings recognized in this jurisdiction or is entitled to any of the protections of the United States Bankruptcy Code.

4. Denied.

5. Denied. It is further denied that Petitioner has met his burden of proof in demonstrating that the UK bankruptcy proceedings can be recognized in the United States as either a foreign main proceeding or a foreign non-main proceeding or that Petitioner has any "rights" to enforce in the United States.

6. Denied that Petitioner is entitled to the relief sought in the Amended Petition.

## JURISDICTION AND VENUE

7. Admitted for jurisdictional purposes only.

8. Admitted for venue purposes only.

9. Admitted for jurisdictional purposes only.

## BACKGROUND

10. Admitted that Respondent previously resided in the United Kingdom, but denied that the United Kingdom is currently the center of Respondent's main interest or where Respondent has an establishment to conduct business. Admitted that Respondent owns property in Collier County, Florida and has for the last fifteen (15) years, that

Respondent currently resides in Collier County, Florida and that Respondent has conducted business operations in this county for approximately three (3) years.

11. Without knowledge, therefore denied.

12. Admitted.

13. Without knowledge, therefore denied.

14. Without knowledge, therefore denied.

15. Admitted that involuntary bankruptcy proceedings are pending against Respondent in the United Kingdom. Denied that Petitioner has met his burden of proof in demonstrating that pursuant to 11 U.S.C. §1502(4), the UK bankruptcy proceedings are a "foreign main proceeding" pending in the country where the debtor has the center of his main interest.

16. Denied.

17. Denied. It is further denied that the United Kingdom involuntary bankruptcy proceedings are entitled to recognition in the United States.

## **CHAPTER 15**

18. Admitted as to the purposes of Chapter 15 generally and as to the provisions of 11 U.S.C. §1501. Denied that these purposes have been met in the instant case.

19. Admitted as to the purposes of Chapter 15 generally and as to the provisions of 11 U.S.C. §1517. Denied that the requirements for recognition have been met in the instant case or that there is any need or grounds for protection from dissipation or concealment of Respondent's assets.

20. Admitted as to the provisions of 11 U.S.C. §101(23) and (24), but denied that Petitioner has met his burden of proof in demonstrating that the UK bankruptcy proceedings qualify for recognition as a foreign main or foreign non-main proceeding.

21. Denied. The UK bankruptcy proceedings are in effect currently for the benefit of HSBC Bank only.

22. Admitted.

23. Admitted.

24. Denied.

25. Without knowledge, therefore denied.

26. Without knowledge, therefore denied.

27. Admitted as to the provisions of 11 U.S.C. §1502 and §1515, but denied that recognition can or should be granted in the instant case.

28. Denied. Chapter 15 requires this Court to make an independent finding at the time the Petition for Recognition is filed with this Court as to Respondent's center of main interest, rather than when the insolvency proceedings were filed in the foreign jurisdiction. Lavie v. Ran, 406 B.R. 277 (S.D. Tex. 2009), In re SPhinX, Ltd., 351 B.R. 103, 120 (S.D.N.Y 2006).

29. Admitted.

30. Denied.

31. Denied.

32. Admitted as to the provisions of 11 U.S.C. §1520, but denied such provisions are applicable in the instant case or that the automatic stay of the United States Bankruptcy Code can be applied in this case.

33. Admitted as to the provisions of 11 U.S.C. §1520, but denied such provisions are applicable in the instant case.

34. Admitted as to the provisions of 11 U.S.C. §1520 and §1521, but denied such provisions are applicable in the instant case.

35. Admitted as to the provisions of 11 U.S.C. §1502 and §1517, but denied such provisions are applicable in the instant case or that Petitioner has met his burden of proof in demonstrating that the UK bankruptcy proceedings qualify for recognition as a foreign main or foreign non-main proceeding.

36. Admitted as to the provisions of 11 U.S.C. §1516, but denied such provisions are applicable in the instant case.

37. Denied.

38. Denied.

39. Admitted.

40. Denied.

41. Denied.

42. Denied.

43. Admitted.

44. Without knowledge, therefore denied.

45. Without knowledge, therefore denied.

46. Admitted as to the provisions of 11 U.S.C. §1504, §1509, and §1515, but denied such provisions are applicable in the instant case or that Petitioner has met his burden of proof in demonstrating that the UK bankruptcy proceedings qualify for recognition as a foreign main or foreign non-main proceeding.

47. Admitted, however if a debtor does not have his center of main interests (COMI) or at least an establishment in the country of a foreign proceeding, the bankruptcy court should not grant recognition of the foreign proceeding and is not authorized to use its power to effectuate the purposes of the foreign proceeding. In re British American Insurance Company, Ltd., 425 B.R. 884 (S.D. Fla. 2010).

48. Admitted as to the attachments to the Amended Petition, but all remaining allegations of this paragraph are denied.

49. Denied.

50. Admitted.

51. Denied.

52. Denied.

53. Without knowledge as to Petitioner's beliefs, but admitted that Respondent has assets, real estate and business ventures in Collier County, Florida.

54. Without knowledge as to Petitioner's beliefs, otherwise denied.

55. Without knowledge as to Petitioner's knowledge or beliefs, therefore denied.

56. Denied.

### RELIEF REQUESTED

57. Denied that Respondent is entitled to relief sought in the Amended Petition or that any of the requested relief is necessary to "best advance" the proper liquidation of Respondent's assets.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Petitioner has failed to meet his burden of proof as to all requirements for recognition of the UK bankruptcy proceedings pursuant to Chapter 15.

### SECOND AFFIRMATIVE DEFENSE

Recognition under Chapter 15 of a foreign main proceeding is not a rubber stamp exercise and the Court must undertake its own jurisdictional analysis in granting or denying recognition under Chapter 15 as the facts of each case warrant. Chapter 15 requires the United States Court to make an independent finding at the time the Petition for Recognition is filed in the United States Court as to the debtor's "center of main interest". Any prior determination by the foreign court in which the insolvency proceeding is pending that its jurisdiction is the foreign debtor's "center of main interest" is not binding on the United States Court in deciding whether to recognize the foreign insolvency proceeding as a "foreign main proceeding". Lavie v. Ran, 406 B.R. 277 (S.D. Tex. 2009), In re SPhinX, Ltd., 351 B.R. 103, 120 (.S.D.N.Y 2006).

Pursuant to 11 U.S.C. §1502(4), a foreign main proceeding is a foreign proceeding pending in the country where the debtor has the center of its main interest ("COMI"). *(Emphasis added)*. Pursuant to 11 U.S.C. §1516(c), in the absence of evidence to the contrary, the debtor's habitual residence is presumed to be the COMI when dealing with an individual. Respondent's habitual residence is currently in Collier County, where he has resided for years and intends to continue to do so. Respondent has personal and family ties to the area and conducts business in Southwest Florida. Respondent no longer conducts any business in the United Kingdom, and has no active

companies or banking accounts there. All of Respondent's assets (primary and otherwise) are located in the United States, all of his bank accounts are in Collier County, and all of his business is conducted in Southwest Florida. Thus, the United Kingdom, where the foreign insolvency proceedings are pending, does not qualify as Respondent's COMI and the UK insolvency proceedings cannot be recognized as a "foreign main proceeding".

### THIRD AFFIRMATIVE DEFENSE

Petitioner has failed to meet his burden of proof that Respondent has an "establishment" or any place of operations where he carries out a "nontransitory economic activity" as required by 11 U.S.C. §1502(2). An "establishment" is described in the case law as a "local place of business". In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 374 B.R. 122, 131 (S.D.N.Y. 2007). Furthermore, a "place of operations" is interpreted as a place from which economic activities are exercised externally on the market, whether the activities are commercial, industrial or professional. Lavie v. Ran, 406 B.R. 277, 284 (S.D. Tex. 2009). Whether the debtor has an "establishment" in a country must be determined at the time of the filing of the Chapter 15 petition.

To have an establishment in a country, the debtor must conduct business in that country. The location should constitute a "seat for local business activity" for the debtor. Thus, the terms "operations" and "economic activity" require showing of a local effect on the marketplace – more than mere incorporation and record-keeping and more than just the maintenance of property. In re Bear Stearns High-Grade Structured Credit Strategies Master Fund, Ltd., 374 B.R. at 131.

In the instant case, Petitioner has not cannot meet his burden of proof that Respondent has an establishment or conducts business in the United Kingdom today as required by 11 U.S.C. §1502(2).

## FOURTH AFFIRMATIVE DEFENSE

The UK involuntary bankruptcy proceedings are not a "collective judicial proceeding" and should be excluded from the benefits and protections of Chapter 15 as the UK bankruptcy proceedings are for the benefit of a single creditor - HSBC Bank.

## FIFTH AFFIRMATIVE DEFENSE

Although Respondent believes that Petitioner has failed to demonstrate entitlement to recognition under Chapter 15, should the Court disagree and enter an Order recognizing the UK bankruptcy proceedings, Petitioner has failed to meet the standards applicable to injunctions to entitle him to the additional relief sought upon recognition pursuant to 11 U.S.C. §1521(e) and therefore such relief should not be awarded by this Court.

WHEREFORE, Respondent, MARK CHARLES RICHARDSON, respectfully requests that this Court deny the Amended Verified Petition for Recognition of Foreign Main Proceeding or in the Alternative a Foreign Non-Main Proceeding, For Coordination Under 11 U.S.C. §1530 of More Than One Foreign Proceeding, and Related Relief Pursuant to 11 U.S.C, §1515, and enter such other relief in favor of Respondent that this Court deems just and proper.

Dated this 4th day of August 2014.

    Respectfully submitted,

By: /s/ Rachael S. Loukonen
    RACHAEL S. LOUKONEN
    Florida Bar No. 668435
    KELLEY GERAGHTY PRICE
    Florida Bar No. 889539
    E-Mail: kprice@cohenlaw.com
    COHEN & GRIGSBY, P.C.
    Mercato – Suite 6200
    9110 Strada Place
    Naples, Florida 34108
    (239) 390-1913 - Telephone
    (239) 390-1901 – Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via CM/ECF to all parties this 4th day of August 2014.

By: /s/ Rachael S. Loukonen
Florida Bar No. 668435