IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In Re:                                             )    Case No. 9:14-BK-04875-FMD
                                                   )    Chapter 15
MARK CHARLES RICHARDSON,                           )
                                                   )
                              Respondent.          )

## RESPONDENT/DEBTOR'S MOTION TO COMPEL DEPOSITIONS

Respondent/Debtor, MARK CHARLES RICHARDSON, by and through his undersigned counsel and pursuant to Rules 7030 and Rule 7037, Federal Rules of Bankruptcy Procedure, files this Motion to Compel Depositions, and as grounds therefore states:

### Factual/Procedural Background

1.      On April 30, 2014, Petitioner, Simon Paterson, as Trustee and the duly appointed Foreign Representative of the bankruptcy estate of Respondent, MARK CHARLES RICHARDSON, in the United Kingdom, commenced these Chapter 15 proceeding seeking to obtain recognition of the United Kingdom bankruptcy proceedings (the "UK bankruptcy proceedings").

2.      Pursuant to the Verified Petition for Recognition filed herein, Simon Paterson was appointed as Trustee in the UK bankruptcy proceedings on March 27, 2012. Thus, Mr. Paterson made the decision to commence the Chapter 15 proceedings and signed the Verified Petition for Recognition [Doc. # 2] and the Amended Verified Petition for Recognition [Doc. #14] filed in these proceedings.

3.      After more than a year and without prior notice, on June 1, 2015, Simon Paterson filed his Notice of Change in Trustee and Filing Apostilled Order of Appointment of Trustee [Doc. #52] in this case. The Notice attached a copy of a Block Transfer Order issued by the United Kingdom court on May 13, 2015 appointing David Ronald Elliott and Diane Elizabeth Hill as Joint Trustees[1]. The Block Transfer Order identified that effective May 15, 2015 Mr. Paterson was "removed" as Trustee for Respondent's UK bankruptcy proceedings and that David Ronald Elliott and Diane Elizabeth Hill were appointed as Joint Trustees for those foreign proceedings. (*Block Transfer Order, ¶¶18, 19*). There was nothing in the Block Transfer Order that indicated any limitations on Mr. Elliott and Ms. Hill in their capacity as Joint Trustees.

4.      Schedule K to the Block Transfer Order confirms that the Block Transfer Order was effective for Respondent's UK bankruptcy case, which was assigned Case No.: 87 of 2012. In his deposition, David Elliott acknowledged that this is a case number assigned by the UK bankruptcy court and that 2012 reflects the year in which the bankruptcy proceedings were commenced. (*Elliott Deposition, pp. 308:8-309:12).*[2]

### Deposition of Diane Hill

5.      David Elliott testified that Diane Hill was asked to serve as a joint trustee by Jerry Wilmont of Moore Stephens. Jerry Wilmont is the head of the Moore Stephens insolvency practice that also employs Mr. Elliott. (*Elliott Deposition, p. 290:10-22).*

---

[1]     The Block Transfer Order is not signed by a judge but merely states it was issued by the High Court of Justice. This was confirmed by David Elliott in his deposition. (*Elliott Deposition, pp. 300:16-301:9).* Additionally, the Block Transfer Order filed by the Foreign Joint Trustees does not appear to be a certified copy of the Order.

[2]     Excerpts of David Ronald Elliott's deposition taken on October 7, 2015 are attached hereto as Exhibit "A".

6. As early as August 24, 2015, Respondent's counsel notified counsel for the Foreign Trustees that she intended to take the depositions of both David Elliott and Diane Hill in their capacity as Joint Foreign Trustees. Repeated requests for dates for these depositions to be taken in the Middle District of Florida were made during August, September, and October of 2015.

7. Despite repeated requests for these depositions and the fact that these individuals had been appointed as Joint Trustees for Respondent's UK bankruptcy proceedings, Petitioners failed and refused to produce Diane Hill for deposition.[3]

8. Counsel reached an agreement as to dates and location for the depositions of Respondent and his wife on or about August 27, 2015. The depositions of Respondent and his wife were taken in the Bahamas as agreed by counsel on September 21-23, 2015. Just days prior to these depositions, counsel for the Foreign Joint Trustees provided Respondent's counsel with a copy of a "Division of Responsibilities" letter signed by Mr. Elliott and Ms. Hill on May 15, 2015, a true and correct copy of which is attached hereto as Exhibit "B". Additionally, counsel for the Foreign Joint Trustees provided Respondent's counsel with a letter signed by Diane Hill on September 3, 2015, a true and correct copy of which is attached hereto as Exhibit "C".

9. The Division of Responsibilities letter does not identify that David Elliott is acting in any sole capacity with regard to Respondent's UK bankruptcy proceedings. (*Elliott Deposition, pp. 312:14-314:5*). Further, David Elliott confirmed that there is no

---

[3] Petitioners did agree to produce David Elliott for deposition in the Middle District of Florida and his deposition was taken in the Tampa offices of Petitioners' counsel on October 7, 2015.

order from the United Kingdom bankruptcy court that states he alone can make decisions for Respondent's bankruptcy case. (*Elliott Deposition, p. 314:12-15*).

10.     Nonetheless, the letter of September 3, 2015 (prepared by Diane Hill after repeated requests were made for her deposition in these proceedings), purports to "confirm" that David Elliott is to act as the sole foreign representative for Respondent's bankruptcy proceedings. Mr. Elliott admitted that he asked Ms. Hill to write this letter at the request of his U.S. attorneys in these proceedings. (*Elliott Deposition, pp. 343:15-345:1*). At the time of this letter, there was no order from the United Kingdom bankruptcy court appointing Mr. Elliott as sole Trustee.[4]

11.     Despite the appointment of Joint Trustees for Respondent's UK bankruptcy proceedings, David Elliott believed that his appointment in the Block Transfer Order and the Division of Responsibilities letter as "Lead Insolvency Practitioner and Joint Office Holder" gave him sole authority to conduct the day-to-day activities in the case and to make decisions on his own without consulting with Diane Hill. (*Elliott Deposition, pp. 309:13-310:23, 326:17-327:16*).

12.     Despite this on October 1, 2015, the UK counsel for the Foreign Trustees filed an ex-parte Application seeking a declaration from the United Kingdom bankruptcy court that David Ronald Elliott is authorized to act as the sole appointed foreign representative for Respondent's Chapter 15 proceedings in this country. Counsel for the Foreign Trustees filed the Application with a supporting Witness Statement of Jane

---

[4]     As it was clear the September 3rd letter had been prepared in an effort to avoid the deposition of Diane Hill in these proceedings, Respondent's counsel notified counsel for the Joint Foreign Trustees that the letters were insufficient to preclude the deposition and continued to seek dates for the deposition of Ms. Hill in these proceedings.

Golledge and without notice to Respondent or his counsel. (*Elliott Deposition, p. 321:1-21*). A true and correct copy of the Application is attached hereto as Exhibit "D".

13.    The Application confirms that it was prepared solely as a result of questions raised by Respondent's counsel as to the appointment of David Elliott and Diane Hill as successor Joint Trustees and the request for the depositions of both Foreign Joint Trustees. (*Application, p. 4, ¶¶ 16-20*). The Application attached emails between U.S. counsel regarding the request for both depositions and a letter dated September 25, 2015 from Leyza Blanco asking that counsel for the Foreign Joint Trustees seek an order from the United Kingdom bankruptcy court granting sole authority to Mr. Elliott in these Chapter 15 proceedings so that the deposition of Diane Hill could be prevented. (*Application, p.78; Elliott Deposition, pp. 328:13-330:4*).

14.    The Application was set for a 15-minute hearing ex-parte, without notice to Respondent or his counsel on October 1, 2015 and resulted in an Order from the UK High Court of Justice on the same date, a copy of which is attached hereto as Exhibit "E". The Order does not contain any signature by a United Kingdom judge and appears to have been entered by a "Registrar Barber". Moreover, the Foreign Joint Trustees have not filed any certified copy of this Order. (*Elliott Deposition, pp. 331:9-332:3*).

15.    According to David Elliott's sworn testimony, he already had sole authority to act as the Foreign Trustee in Respondent's bankruptcy proceedings, but the Application was made at the request of his U.S. attorneys to obtain an order to this effect. Mr. Elliott further testified that the application for this order is not typical in his experience. (*Elliott Deposition, p. 330:5-14*).

16.    As it is clear that Diane Hill is acting as a duly appointed Joint Foreign Trustee for Respondent's UK bankruptcy proceedings and that unusual steps have been taken by Petitioners and their counsel to preclude the deposition of this party, Respondent seeks an Order from this Court compelling Diane Elizabeth Hill to appear for her deposition in this action in the Middle District of Florida, prior to the filing or consideration of any dispositive motions.

### Deposition of Simon Paterson

17.    Simon Paterson was the Foreign Trustee in charge of Respondent's UK bankruptcy proceedings from March 27, 2012 through May 15, 2015, thus Mr. Paterson was the party that initiated these Chapter 15 proceedings.

18.    David Elliott first became involved with Respondent's UK bankruptcy proceedings in January of 2013 in an "investigative" role. (*Elliott Deposition, pp. 23:7-24; 71:11-17*). Prior to that time, Mr. Elliott was not involved in the proceedings. Consequently, during his deposition Mr. Elliott could not answer a number of questions regarding relevant issues central to these proceedings, deferring those questions to Mr. Paterson. (*Elliott Deposition, pp. 85:1-14; 89:13-20; 100:24-102:6; 112:1-113:16; 118:7-25; 133:20-135:5; 137:15-138:21; 142:2-16; 143:4-15; 144:3-147:1; 153:1-154:23; 156:20-159:15; 162:13-22; 175:10-176:8; 271:14-23; 337:7-339:13; 434:21-435:7*).

19.    Since Respondent is entitled to discovery relevant to these Chapter 15 proceedings, in the event Diane Hill cannot answer or address the issues posed to her Joint Foreign Trustee, Respondent respectfully requests that this Court compel the

deposition of Simon Paterson to be taken in the Middle District of Florida, particularly if Petitioners seek to rely on any affidavit, verification or statement from Mr. Paterson with regard to any dispositive motion or the Final Evidentiary Hearing in this matter.

20.    In compliance with Rule 7037, Federal Rules of Bankruptcy Procedure, prior to filing this Motion to Compel Depositions, Respondent's counsel conferred with counsel for Petitioners in attempt to resolve the issues pertaining to these depositions, but was unable to resolve the issues in dispute.

WHEREFORE, Respondent respectfully requests that this Court grant this Motion to Compel Depositions, enter an Order compelling Diane Elizabeth Hill to appear for her deposition in the Middle District of Florida prior to the filing or consideration of any dispositive motions, and if necessary, compelling Simon Paterson to also appear for his deposition, granting Respondent an award of attorneys' fees pursuant to Rule 7037(a)(5)(A), Federal Bankruptcy Rules, and for such other relief as this Court deems just and proper.

Dated this 12th day of November 2015.

By: /s/ Rachael S. Loukonen
    RACHAEL S. LOUKONEN
    Florida Bar No. 668435
    KELLEY GERAGHTY PRICE
    Florida Bar No. 889539
    E-Mail: kprice@cohenlaw.com
    COHEN & GRIGSBY, P.C.
    Mercato – Suite 6200
    9110 Strada Place
    Naples, Florida 34108
    (239) 390-1913 - Telephone
    (239) 390-1901 – Facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via

CM/ECF this 12th day of November, 2015, upon the following:

> Roy S. Kobert, Esq.
> Leyza F. Blanco, Esq.
> GrayRobinson, P.A.
> 301 E. Pine Street, Suite 1400
> P.O. Box 3068
> Orlando, Florida 32802-3068
> E-mail:   roy.kobert@gray-robinson.com
>             Leyza.blanco@gray-robinson.com
>             Andrea.Taylor@gray-robinson.com

> By: /s/ Rachael S. Loukonen
> Florida Bar No. 668435

2186147.v1