UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

In re:

                                                    Case No.: 9:14-bk-04875-FMD

MARK CHARLES RICHARDSON,           Chapter 15

                                                    **Hearing Scheduled:**

Debtor in a Foreign Proceeding             **December 3, 2015 at 10:30 am**

_____/

**FOREIGN REPRESENTATIVE'S OBJECTION TO**
**MOTION TO COMPEL THIRD PARTY DEPOSITIONS**

      David Ronald Elliot, not individually but in his capacity as the Foreign Representative (the "Foreign Representative" or "Trustee") for the foreign main proceeding of the Debtor, Mark Charles Richardson ("Richardson"), pursuant to 11 U.S.C. § 1502, files his opposition (the "Opposition") to *Motion to Compel Third Party Depositions,* as more fully set forth in Docket Entry 90 (the "Motion"). In support of the Objection, the Foreign Representative respectfully states as follows:[1]

**I. SUMMARY**

**A.     Foreign Representative.**

1.     On October 7, 2015, the Foreign Representative voluntarily appeared in Florida and was deposed for ten (10) straight hours by counsel for Richardson.

2.     Richardson's Exhibit "B" attached to his Motion makes it perfectly clear who was to act as the sole Foreign Representative: David Ronald Elliott.

---

[1] It should be noted that Richardson's Motion to Compel is not directed at the Foreign Representative, who has already been deposed in connection with this proceeding. Instead, the Motion is directed at individuals whom (i) do not purport to act as representatives for the Debtor's foreign main proceeding, (ii) do not reside within the United States, and (iii) have not been individually served with any process or other communication in connection with this proceeding. Rather, as it relates to those individuals, it appears that Richardson seeks to pursue this Motion for the assertion of extraterritorial jurisdiction on an *ex parte* basis. Notwithstanding the foregoing, the Trustee is filing this Objection in his capacity as the appointed Foreign Representative in Richardson's foreign proceeding to address the numerous procedural and other improprieties surrounding the Motion to Compel.

1

3.      For the avoidance of doubt, counsel for the Foreign Representative has previously indicated that they will not be calling Hill or Paterson to testify and have suggested that the parties exchange witness lists to formally solidify such a position.

**B.      Joint Trustee and Former Trustee.**

4.      In the Motion, Richardson seeks an Order compelling Joint Trustee, Diane Elizabeth Hill ("Hill"), and former Trustee, Simon Paterson ("Paterson")—both of whom reside in England—to appear in the Middle District of Florida to be deposed in connection with the instant proceeding. The Motion to Compel also seeks an award of attorneys' fees pursuant to Rule 7037(a)(5)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

5.      Paragraph 7 of the Motion suggests that there has been a general refusal to make Ms. Hill available for deposition, which misconstrues the nature of the communications by and among counsel for Richardson and the Foreign Representative with respect to scheduling the deposition of Ms. Hill (and, for that matter, of Mr. Paterson).[2]  As reflected in undersigned counsel's email correspondence by his law partner to counsel for Richardson on November 3 (the "November 3 Emails"),[3] the Foreign Representative has offered to facilitate the deposition of Ms. Hill in England.

6.      Additionally, the Foreign Representative has made clear that he does not object to Richardson taking the deposition of either Hill or Paterson.  However, the Foreign Representative's position is that neither Hill nor Paterson are parties to the proceeding before this Court and, thus, cannot (under any authority known to the Trustee, or cited by Richardson's counsel) be compelled to appear for deposition in the Middle District of Florida.  Hill and

---

[2]     It should be noted that, while Richardson has requested through counsel that Hill and/or Paterson be produced for deposition, Richardson did not notice either for deposition nor has either been subpoenaed to the best of undersigned counsel's knowledge.

[3]     True and correct copy of the November 3 Emails, which reflect communications at 11:05 a.m. and 2:07 p.m., are attached as **Exhibit "1"** hereto.

Paterson reside in England and are not within the territorial jurisdiction of the United States or this Court.

7.  Notwithstanding the foregoing, as reflected in the November 3 Emails, the law partner for undersigned counsel has offered to help arrange a mutually convenient time for a deposition of Ms. Hill in the United Kingdom and offered to explore less costly methods such as a deposition by video conference, all in an effort to avoid the necessity for this type of judicial intervention.

8.  Moreover, the law partner for the undersigned counsel also agreed to assist in scheduling a mutually convenient date for a deposition of Mr. Paterson, (who has retired from this type of practice), *if possible*, as he is not under the control of the Foreign Representative in any capacity. Moreover, counsel for the Foreign Representative has agreed to work on a process to permit any such deposition transcripts to be used in the U.S. Proceeding, if necessary. *See* Ex. "1" (reflecting correspondence from undersigned counsel to counsel for Richardson on November 3, 2015 at 2:07 p.m.).

9.  Notwithstanding, Richardson instead filed this Motion to Compel without providing any further communication or response, and prior to issuing a single subpoena or notice to either Hill or Paterson relating to compelling their unscheduled, extraterritorial depositions.

## II.  **MEMORANDUM OF LAW**

Even if Richardson is acting on the errant belief that Hill and/or Paterson are parties to this proceeding, which they are not, his failure to notice the deposition of either of these individuals under Fed. R. Bank. P. 7030, standing alone, precludes this Court from granting any relief in connection with the Motion to Compel. *See* Fed. R. Civ. P. 30(b)(1) and (g) (setting

3

forth requirements for service and written notice, as made applicable pursuant to Fed. R. Civ. P. 7030); L.R. 7030-1 (requiring "no less than fourteen (14) days' notice in writing to every other party to the contested matter or adversary proceeding and to the deponent").  Furthermore, Richardson also failed to issue a subpoena, as required under Fed. R. Bankr. P. 9016, for either Hill or Paterson prior to the filing of this Motion to Compel.  Consequently, no grounds exist for (i) an order compelling the depositions or (ii) for an award of attorneys' fees under Bankruptcy Rule 7037.  *See* Fed. R. Civ. P. 37(d)(1)(A)(i) (made applicable pursuant to Fed. R. Bankr. P. 7037, and providing for sanctions relating to depositions only where a party "fails, **after being served with proper notice**, to appear . . . ." (emphasis added)).[4]

Contrary to all rules of procedure that govern the taking of discovery, the Motion to Compel essentially seeks an *ex parte* order asserting extraterritorial jurisdiction to compel two non-parties, who are not United States residents, and who reside well beyond the 100-mile limit of the territorial jurisdiction of this Court, to physically appear for deposition in the Middle District of Florida.

Section 1510 of the Bankruptcy Code addresses "limited jurisdiction" over a foreign representative as it relates to petitions under Chapter 15.  It provides that the "sole fact that a foreign representative files a petition under section 1515 does not subject the foreign representative to the jurisdiction of any court in the United States for any other purpose."  11 U.S.C. § 1510.

To that end, it stands to reason that witnesses who are not (and do not purport to be) the foreign representative in a pending Chapter 15 case, likewise are not subject to the jurisdiction of this Court.  Here, Mr. Paterson, who initially sought the relief but who has since retired from

---

[4] As noted above, to the Trustee's knowledge, neither Ms. Hill nor Mr. Paterson have been individually served with any notice (formal or informal) relating to Richardson's requests for deposition.

practice, has been substituted as Trustee in the U.K. Bankruptcy as well as in this proceeding—he is no longer involved in this proceeding, has no interest in its outcome, and is not within the control of the Trustee, who serves as a representative (not of Mr. Paterson) but of Mr. Richardson's foreign proceeding. Furthermore, while Hill serves as a Joint Trustee, it is David Elliot who serves as Foreign Representative as has submitted himself to the jurisdiction of this Court for the filing of the petition and for no other reason. As discussed above, Elliot has traveled to the Middle District of Florida and has been deposed within the territorial limits of this Court's jurisdiction in this proceeding.[5]

WHEREFORE, Foreign Representative, David Elliot, respectfully requests that this Court enter an order denying the relief requested by Richardson.

I HEREBY CERTIFY that a true and correct of the foregoing was furnished via email to Rachael S. Loukonen, Esq. and Kelley Price, Esq., Cohen & Grigsby, Attorney for Debtor, 9110 Strada Place, Naples, FL 34108-2938 (kprice@cohenlaw.com), and all parties receiving CM/ECF service this 1st day of December, 2015.

Date: December 1, 2015                                Respectfully submitted,

  /s/ Roy S. Kobert
ROY S. KOBERT, ESQ.
Florida Bar No. 777153
Leyza Blanco
Florida Bar No. 104639
GrayRobinson, P.A.
301 E. Pine Street, Suite 1400
P.O. Box 3068
Orlando, Florida 32802-3068
(407) 843-8880 Telephone

---

[5] It is important to note that 11 U.S.C. § 1512 addresses the participation of a foreign representative in a case under Chapter 15 and provides that "[u]pon recognition of a foreign proceeding, the foreign representative in the recognized proceeding is entitled to participate as a party in interest in a case regarding the debtor under this title." While Elliot has consented to being deposed in the Middle District of Florida in this proceeding, section 1512 refers to the foreign representative's status as a party in interest upon recognition of the foreign proceeding which has not yet occurred in this proceeding.

(407) 244-5690 Facsimile
roy.kobert@gray-robinson.com

6